Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Sam Sepulveda

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Sam Sepulveda**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**A-1 Planet Recycling, Inc.,** an Arizona Company; **Sal Palopoli,** an Arizona resident; **Lynn Palopoli**, an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Sam Sepulveda, for his Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against A-1 Planet Recycling, Inc.[1] for its unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage**

---

[1] For simplicity purposes, all Defendants to this action shall be collectively referred to as either "A-1" or "Defendants" unless specified otherwise.

**Statute**").

2. This action is also brought to recover unpaid overtime wage compensation, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona wage laws pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and (d) because the Defendants reside in this district and A-1 was incorporated in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Sepulveda resided in the State of Arizona.

8. Plaintiff Sepulveda was a full-time, non-exempt employee of A-1 from on or around September 19, 2013 until on or around June 12, 2015.

9. At all relevant times, Plaintiff Sepulveda was an employee of A-1 as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 C.R.F. § 213(a)(1).

10. Defendant A-1 is an Arizona company, authorized to do business in Arizona, and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

11. Defendants Sal Palopoli and Lynn Palopoli are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Sal Palopoli is the Owner of A-1. Lynn Palopoli is the Owner of A-1.

12. Under the FLSA, Defendants Sal Palopoli and Lynn Palopoli are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Sal Palopoli and Lynn Palopoli are the owners of A-1. They were responsible for determining the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of A-1 in relation to the company's employees, Sal Palopoli and Lynn Palopoli are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is

greater than $500,000.

## FACTUAL ALLEGATIONS

17. A-1 is an Arizona business that buys, sells, or otherwise distributes new and used carpet to consumers.

18. Upon information and belief, A-1 has store locations in Phoenix, Mesa, Tucson, and Chula Vista.

19. On or around September 19, 2013, Plaintiff Sepulveda began employment for A-1 exclusively in its Tucson location, performing various repetitive tasks such as cashiering, stocking store supplies, physically bailing materials and carpets, physically loading and unloading product to and from the store and delivery trucks, physically moving carpet within the store, cleaning the shop/warehouses/store, and working the forklift to transport carpet.

20. Sepulveda's primary duties consisted of manual work.

21. Plaintiff Sepulveda did not possess the authority to hire or fire employees, did not possess the authority to make critical job decisions with respect to any A-1 employee, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

22. At most, Sepulveda only had one employee working under him during his employment.

23. Although Sepulveda's title was that of "Branch Manager," his job duties and responsibilities did not consist of those typical of a position with actual managerial authority.

24. Plaintiff was not a manager and was therefore misclassified as one.

25. From September 9, 2013 until June 12, 2015 Sepulveda was paid a rate of $17.50 per hour.

26. From September 9, 2013 until June 12, 2015, Defendants failed to properly compensate Sepulveda for his overtime hours.

27. Sepulveda routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during his tenure at A-1.

28. Specifically, during his employment, Plaintiff Sepulveda routinely worked approximately 56 hours per week and was not paid the premium one and one-half times his regular rate as required under the FLSA for hours worked over 40 hours in a workweek.

29. A-1 wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

30. Defendants did not maintain accurate records of Plaintiff's hours worked.

31. Defendants failed to keep proper time records in violation of the FLSA.

32. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and Arizona state law were/was willful.

33. Defendants' refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## FAILURE TO PAY PROPER OVERTIME WAGES – FLSA – 29 U.S.C. § 207

34. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

35. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wages.

36. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

37. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207 of the FLSA.

38. Under 29 U.S.C. § 216 Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

39. In addition to the amount of unpaid wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

40. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendants had no reason to believe its failure to pay overtime was not a violation of the FLSA.

41. Defendants have not made a good faith effort to comply with the FLSA.

42. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE

43. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

45. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

46. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

47. Defendants failed to timely pay Plaintiff his regular and overtime wages due without a good faith basis for withholding the wages.

48. Defendants have willfully failed and refused to timely pay regular and overtime wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. willfully violated the Arizona Wage Statute a by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth

herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 14, 2015.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Michael Zoldan
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Attorneys for Sam Sepulveda

## **VERIFICATION**

Plaintiff Sam Sepulveda declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*/s/ Sam Sepulveda*
Sam Sepulveda